Case 4:25-cr-00385   Document 55   Filed on 11/14/25 in TXSD   Page 1 of 5
United States District Court
Southern District of Texas
**ENTERED**
November 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:25-CR-385 |
| | § | |
| EDGAR PRUDENCIO RUIZ AND | § | |
| DAMIAN LEE GUTIERREZ, | § | |
| | § | |
| Defendants. | | |

## ORDER

Pending before this Court is Defendant Damian Lee Gutierrez's Opposed Motion to Disclose Identity and Location of Informants and Request for Interview with Informants and Cooperating Defendants. (Doc. No. 53). The Government filed a response in opposition. (Doc. No. 54). On November 13, 2025, the Court held a pre-trial conference, and the parties presented oral argument on this issue. Additionally, the Court held an *in camera* hearing related to the identity, knowledge, and role of the confidential informant. Having considered the pending motion and response, oral arguments, and the evidence presented in the *in camera* hearing, the Court hereby denies Defendant Gutierrez's Motion to Disclose (Doc. No. 53).

### I.  FACTUAL BACKGROUND

On July 16, 2025, Defendant Edgar Prudencio Ruiz and Defendant Damian Lee Gutierrez ("Defendants") were indicted on the counts of (1) conspiracy to distribute and possess with the intent to distribute a controlled substance and (2) possession with the intent to distribute a controlled substance. (Doc. No. 21). On June 17, 2025, the Drug Enforcement Agency ("DEA") received information from a confidential informant that an unknown male distributor of quantities of methamphetamine would be distributing at a specific location later that day. Authorities

launched a surveillance investigation that showed Defendant Ruiz and Defendant Gutierrez at the tipped-off location, and the surveillance led to the seizure of large quantities of methamphetamine and the subsequent arrest of the Defendants. (Doc. No. 1). The confidential informant was not present during any part of the investigation, searches, or arrests.

## II.   LEGAL STANDARD

The Supreme Court of the United States has established that the Government has a privilege, usually referred to as the "informer's privilege," to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The informer's privilege, however, is not absolute, and there is "no fixed rule" for when a confidential informant's identity should be disclosed. *Id.* Instead, the issue "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The Fifth Circuit has adopted the *Roviaro* framework and created a three-factor test to determine whether the identity of a confidential informant must be disclosed. *United States v. Ortega*, 854 F.3d 818, 824 (5th Cir. 2017). First, courts must evaluate the level of the informant's involvement in the alleged criminal activity. *United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987). Second, courts must consider the helpfulness of disclosure to any asserted defense. *Id.* Third, courts must consider the Government's interest in nondisclosure. *Id.* Courts must balance these three factors to determine whether a criminal defendant is entitled to such information. *See id.*

## III.   ANALYSIS

Defendant Gutierrez filed this Motion to Disclose Identity and Location of Informants and requests this Court to order the Government to disclose the name and location of the informant(s) utilized by the Government and to arrange an interview with the informants and any other

cooperating individuals in the instant cause of action. At the request of counsel for Defendant Gutierrez, this Court held an *in camera* hearing to determine whether Defendant Gutierrez is entitled to the identity and location of the confidential informant. The Court hereby applies the well-established three-factor test and denies Defendant Gutierrez's request to order disclosure.

### A. The Level of the Informant's Activity

First, this Court considers the level of the informant's activity in the alleged drug operation. *Ortega*, 854 F.3d at 824. The more active the participation, the more likely disclosure will be required. *De Los Santos*, 810 F.2d at 1331. If the informant's participation is minimal, it favors nondisclosure. *Id.* Finally, if "the evidence shows that an informer is a mere tipster, no disclosure of his identity is required." *Id.* (quoting *United States v. Freund*, 525 F.2d 873, 876 (5th Cir. 1976)). In this case, it is clear the informant's role in the alleged drug operation was limited to providing information about the time and location of only the initial suspected distribution. The drug task force used the information to set up surveillance, which led to the observations of the Defendants at the location mentioned in the tip. Those observations led to a later traffic stop and a search of Defendant Ruiz's vehicle, which led to a search of Defendant Gutierrez's apartment and a seizure of large quantities of methamphetamine. The confidential informant was not involved at any stage of the surveillance, searches, seizures, or arrests. The Court holds that this level of involvement is minimal and shows that the informant was a "mere tipster." Therefore, this factor weighs against disclosure.

### B. The Helpfulness of the Disclosure to the Asserted Defense

Second, this Court considers the helpfulness of the disclosure to the asserted defense. *Ortega*, 854 F.3d at 824. Under this factor, a criminal defendant is required to make a sufficient showing that the testimony would significantly aid the defendant in establishing an asserted

3

defense. *De Los Santos*, 810 F.2d at 1331. "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *Id.* (quoting *United States v. Gonzalez*, 606 F.2d 70, 75 (5th Cir. 1979)). In this case, Defendant Gutierrez does not and could not state the theory of helpfulness in his Motion to Disclose. (Doc. No. 53). While the Motion states that Defendant Gutierrez "believes that the cooperating source may be an exculpatory or possibly mitigating witness as to the conspiracy alleged in the indictment," the Motion does not include any supporting evidence or basis for such conjecture. (*Id.*). Although counsel for Defendant Gutierrez mentioned the possibility of an entrapment defense during oral argument for this Motion at the pre-trial conference, counsel offered no such evidence that this informant has any mitigating evidence to support the defense. Indeed, since the informant's only involvement was providing information about the initial location of distribution, the Court finds that Defendant Gutierrez did not establish a sufficient showing that the identity of the informant would significantly aid in his defense. Thus, this factor weighs against disclosure.

### C. The Government's Interest in Disclosure

Lastly, this Court considers the Government's interest in nondisclosure. The Government's interest relates to both the safety of the informant and the informant's future usefulness to the authorities as a continuing confidential source. *De Los Santos*, 810 F.2d at 1331. This factor weighs heavily against disclosure. It was made clear during the *in camera* hearing that the informant and the informant's family would be in life-threatening danger in the event this Court orders the disclosure of the informant's identity, and that should the Court order such a disclosure, the only alternative would be to place the informant and his/her entire family in witness protection. Therefore, this factor weighs heavily against the disclosure of the informant's identity.

In conclusion, all three factors of the Fifth Circuit test to determine whether Defendant Gutierrez is entitled to the identity of the Government's confidential informant weigh against disclosure because of the informant's minimal participation, the speculative mitigating value of the putative evidence, and the Government's strong interest in protecting the lives of the informant and the informant's family.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Gutierrez's Motion to Disclose Identity and Location of Informants and Request for Interview with Informants and Cooperating Individuals (Doc. No. 53).

It is so ordered.

Signed on this the __14th__ day of November 2025.

Andrew S. Hanen
United States District Judge